UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

JOSE L. MARRERO-RAMOS, et al.,

    Plaintiffs,

v.

UNIVERSITY OF PUERTO RICO, et al.,

    Defendants.

Civil No. 13-1076 (JAF)

**OPINION AND ORDER**

Plaintiff José L. Marrero-Ramos ("Marrero-Ramos" or "Plaintiff")[1] is suing Defendants, the University of Puerto Rico, Mayagüez Campus ("UPR Mayagüez"); Miguel A. Muñoz ("Muñoz); Jorge Rivera-Santos ("Rivera-Santos"); Lourdes Rosario ("Rosario"); and Insurance Company XYZ (collectively "Defendants") in diversity jurisdiction. following a workplace laboratory accident that caused him severe injuries. (Docket No. 1.)  Defendants filed a motion for summary judgment on August 29, 2014. (Docket Nos. 39, 40.)  Because the suit is barred both by Eleventh Amendment immunity and by the workers' compensation scheme, we grant Defendants' motion.

**I.**

**Facts**

When considering a summary judgment motion, we must view all facts in the light most favorable to the non-moving party.  Therefore, to the extent that any facts are disputed, the facts set forth below represent Plaintiff's version of the events at issue.

---

[1] This case originally included two other plaintiffs, but they were dismissed with prejudice on September 4, 2014.  (Docket No. 46.)

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, where Plaintiff's asserted facts do not properly comply with Local Rules 56(c) and (e), we deem Defendants' properly-supported statements as admitted. Local Rule 56(c) states that a party opposing summary judgment,

> shall admit, deny or qualify the facts supporting the motion for summary judgment by reference to each numbered paragraph of the moving party's statement of material facts. Unless a fact is admitted, the opposing statement shall support each denial or qualification by a record citation as required by this rule.

Local Rule 56(c). Local Rule 56(e) states that: "Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." Local Rule 56(e). *See Cosme-Rosado v. Serrano-Rodriguez*, 360 F.3d 42, 45 (1st Cir. 2004) (affirming district court's decision to deem moving party's statements of facts admitted if opposing party fails to controvert properly). Plaintiff did not admit, deny or qualify a single fact from the motion for summary judgment. Therefore, any properly-supported statement of fact presented by Defendants is taken as true. We note, however, that the majority of Defendants' statements of fact are taken directly from Plaintiff's complaint. (*See* Docket No. 39-1.)

UPR Mayagüez is a public corporation created by law, 18 L.P.R.A. § 601, *et seq.*, in order to provide university studies. (Docket No. 39-1 at 1.) Muñoz was president of the UPR system at the time in question. Santos was acting president of the UPR Mayagüez, and Rosario was a full-time assistant professor who served as Marrero-

Ramos' work supervisor. (Docket No. 39-1 at 2.) Marrero-Ramos lived in Puerto Rico at the time of the accident, but is now a resident of Texas. (Docket No. 1.)

Marrero-Ramos was employed by UPR Mayagüez under the "Study and Work" program during the fiscal year 2011 to 2012. (Docket No. 39-1 at 1, 3.) He worked in the manufacturing laboratory for the Department of Engineering's unit of Industrial Engineering. As a professor's assistant, Marrero-Ramos organized and provided maintenance for the laboratory equipment. Marrero-Ramos was assigned to work ten hours per week for a period of seventeen weeks at $10.58 per hour, and UPR Mayagüez paid his premium for coverage under the Puerto Rico workers' compensation scheme, the State Insurance Fund ("SIF"). (Docket No. 39-1 at 2-3.)

On February 7, 2012, Marrero-Ramos suffered a work-related accident. (Docket No. 39-1 at 1.) He was injured in the manufacturing laboratory when molten plastic ejected from an Injection Molding Machine ("IMM"), hitting him in the face, arms, and upper parts of his body. (Docket No. 50 at 1.) Marrero-Ramos had never received proper training for this machine, and the laboratory was not equipped with functional face shields. (Docket No. 50 at 10-11.) When the accident occurred, he ran to the emergency showers in the laboratory but found that they were not working. He then ran to the laboratory sink but found that it was not working either. (Docket No. 50 at 7.) The laboratory had no eyewash. (Docket No. 50 at 9.) When Marrero-Ramos ran to the medical assistance building, he was simply offered wet gauze and a glove with ice. (Docket No. 50 at 7.)

Marrero-Ramos immediately sought medical treatment at the Industrial Hospital's Burn Victims Unit, which is part of the medical network operated by the SIF.  UPR Mayagüez filed an employer's report with the SIF.[2]  Marrero-Ramos received medical-physical treatment, psychological treatment, and psychiatric treatment.  On March 9, 2012, he was discharged from the hospital.  (Docket No. 39-1 at 2-3.)  On March 13, 2012, the SIF ordered Marrero-Ramos not to work while continuing to receive medical treatment.  On May 21, 2012, the SIF discharged Marrero-Ramos without disability.[3]  On June 8, 2012, the SIF revised its prior decision and authorized continued medical treatment.[4]  (Docket No. 39-1 at 3-4.)

## II.

## Analysis

Defendants are entitled to summary judgment on a claim if they can show that there is no genuine dispute over the material facts underlying that claim.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  We must decide whether a reasonable jury could find for Marrero-Ramos in any of his claims when all reasonable inferences from the evidence are drawn in his favor.  *See Scott v. Harris*, 550 U.S. 372, 380 (2007).  For the reasons below, we find that it could not.

A.   **Lack of Complete Diversity**

The voluntary dismissal of two plaintiffs resolved this issue.  (*See* Docket No. 45.)

---

[2] Defendants state that the UPR Mayagüez filed the employer's report on February 10, 2010, two years before the accident occured.  We urge counsel to be attentive to dates.

[3] We note that Defendants made multiple misstatements.  Not only did they again write the wrong date, they also wrote that Marrero-Ramos was discharged *with* disability, contrary to their exhibits.  These mistakes are unacceptable.

[4] Once again, Defendants misstate the date of the decision.

**B.     Eleventh Amendment Immunity**

Marrero-Ramos concedes that the UPR is barred from suit under Eleventh Amendment immunity. (Docket No. 51 at 2.) He continues to seek monetary damages against three of the UPR officials -- the president of the university system; the chancellor of the UPR, Mayagüez Campus; and a professor in the Department of Mechanical Engineering. (From Docket No. 40 at 9.) Under Eleventh Amendment jurisprudence, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office….As such, it is no different from a suit against the state itself." *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989). Therefore, Eleventh Amendment immunity bars these claims as well.

**C.     Insured Employer**

Even if this case were not barred by Eleventh Amendment immunity, we would dismiss the case against Defendants, who are immunized under the Puerto Rico worker's compensation scheme. Throughout his motions, Marrero-Ramos argues that the university laboratory "failed to provide even the minimal safety conditions," leading to both the accident itself and to its extremely damaging effects. (Docket No. 49; *see also* Docket No. 50.) Generally, the Puerto Rico Civil Code provides that a "person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done." 31 L.P.R.A. § 5141. However, this cause of action does not encompass the right to compensation in a labor accident. *Rivera v. Indus. Comm'n*, 67 D.P.R. 526 (1947). Instead, the Work-Related Accidents Act establishes a system of mandatory insurance so that "[w]orkers, to a certain extent, waive their right to sue their

employer in exchange for a benefit which could eventually be smaller, but which is reliable, immediate and certain." 11 L.P.R.A. § 1a; *see Soc. De Gananciales v. Royal Bank de P.R.*, 145 D.P.R. 178 (1998). Under Puerto Rico's workers compensation scheme, if an employee is injured on the job and his employer is properly insured, "the employee's right to compensation from the employer is limited to the statutory compensation offered through the State Insurance Fund." *Vega-Mena v. U.S.*, 990 F.2d 684, 686 (1993); 11 L.P.R.A. §§ 2, 21. The injured worker "lacks a cause of action against his employer for damages regardless of the employer's degree of negligence." *Id.* Defendants were properly insured. (Docket No. 13-1.) Therefore, they are immune from suit.

**D.      Exception to Absolute Immunity Does Not Apply**

The Puerto Rico Supreme Court has recognized an exception to employer immunity "where the injuries complained of by the employee result from certain employer's intentional acts." *Feliciano Rolon v. Ortho Biologics*, F. Supp.2d 409, 414 (D.P.R. 2005). However, this exception is only applied where "the evidence denotes a specific intent to cause a harm which falls outside the scope of the 'inherent' working relationship" such as age-based discrimination or quasi-criminal and criminal acts that result in injury. *Id.* at 414-16. The Puerto Rico Supreme Court held that "gross negligence due to failure to provide a safe workplace in accordance with basic federal and local standards did not constitute intentional conduct and hence, was not an exception to the employer's immunity." *Id.* at 415. Therefore, Marrero-Ramos' argument that

there was a "total absence of training, policies, rules, supervision" does not place him within the exception to employer immunity. (Docket No. 49 at 3.)

### E. Attorney's Fees

The grant of attorneys' fees in diversity cases is governed by state law. *Newell Puerto Rico, Ltd. v. Rubbermaid Inc.*, 20 F.3d 15, 24 (1st Cir. 1994). Puerto Rico Rule of Civil Procedure 44.1, 32 L.P.R.A. Appx III 44.1, gives great latitude to a trial court in imposing or denying a request for attorneys' fees. Normally, cases where temerity, contumacy, or vexatious litigation techniques are utilized merit attorneys' fees. Absent these extraordinary circumstances, the mere fact that one party prevails over another does not automatically equate to an award of attorneys' fees. *See Newell*, 20 F.3d at 24

Here, we find, on the basis of the decision that proceeds, that this case does not merit such award and attorneys' fees will not be granted. Only statutory costs under 28 U.S.C. § 1920 will be considered.

## III.

## Conclusion

For the foregoing reasons, Defendants' motion for summary judgment (Docket No. 39) is **GRANTED**. Marrero-Ramos' claims are **DISMISSED WITH PREJUDICE**. There is no award of attorney's fees.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 23rd day of September, 2014.

                 S/José Antonio Fusté
                 JOSE ANTONIO FUSTÉ
                 U. S. DISTRICT JUDGE