UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

JOSE L. MARRERO-RAMOS, et al.,

    Plaintiffs,

v.

UNIVERSITY OF PUERTO RICO, et al.,

    Defendants.

Civil No. 13-1076 (JAF)

**OPINION AND ORDER**

Plaintiff José L. Marrero-Ramos ("Marrero-Ramos" or "Plaintiff")[1] sued Defendants, the University of Puerto Rico, Mayagüez Campus ("UPR Mayagüez"); Miguel A. Muñoz ("Muñoz); Jorge Rivera-Santos ("Rivera-Santos"); Lourdes Rosario ("Rosario"); and Insurance Company XYZ (collectively "Defendants") in diversity jurisdiction following a workplace laboratory accident that caused Marrero-Ramos severe injuries. (Docket No. 1.) On September 23, 2014, we granted Defendants' motion for summary judgment, finding that the suit was barred both by Eleventh Amendment immunity and by the workers' compensation scheme. (Docket No. 59.) The same day, Plaintiff filed a motion for reconsideration. (Docket No. 60.)

First, Plaintiff argues that "Plaintiff, due to an oversight, omitted to include" any admissions, denials, or qualifications to Defendants' statements of facts in their papers opposing summary judgment. (Docket No. 60.) Failure on such a fundamental duty cannot be waived away as "an oversight." Plaintiff also respectfully requests that this court clarify

---

[1] This case originally included two other plaintiffs, but they were dismissed with prejudice on September 4, 2014. (Docket No. 46.)

whether it acknowledged the existence of ['Plaintiffs Statement of Uncontested facts'] and whether it took them into account to support its conclusion that the exception to the employer immunity was not applicable in this case. (Docket No. 60 at 2.) The court read and took into account all the materials that were submitted in the summary judgment papers, including the Plaintiff's Statement of Facts.

Second, Plaintiff addresses the issue of diversity. (Docket No. 60 at 2.) This is irrelevant, given that our opinion found the issue to be mooted by the voluntary dismissal of two non-diverse plaintiffs. (Docket No. 59 at 4.)

Third, Plaintiff alleges that sovereign immunity does not extend to Muñoz, Rivera-Santos, and Rosario. (Docket No. 60 at 2.) He alleges that:

> Even if the court does not admit the omitted denial attached to this Motion – both the complaint – which does not refer to these co-defendants as sued in their official capacity and several Plaintiffs' uncontested facts show the involvement of co-defendants in their personal capacity.

(Docket No. 60 at 2.) The denial attached to this motion simply denies that these parties are sued in their official capacities. (Docket No. 60-1.) The complaint made no mention of whether they are sued in their official or personal capacities. The complaint simply mentioned the job title of each, and that they were "of legal age, married, and resident of [Puerto Rico]." (Docket No. 1 at 2.) The complaint also mentioned that Rosario was Marrero's supervisor. (Docket No. 1 at 3.) Plaintiff does not explain how any of the "uncontested facts" show Defendants were sued in their personal capacity. (*See* Docket No. 60 at 2.) "Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law [....] Official-capacity suits, in contrast 'generally represent only another way of pleading an action against an entity of which an

officer is an agent.'"  *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).  In general, "defendants sued only in their official capacities in the original complaint cannot be expected to be on notice of the very different issues raised by claims against them in their personal capacities."  *Rodriguez-Garcia v. Municipality of Caguas*, 354 F.3d 91, 100 (1st Cir. 2004).  We find analogous issues of inadequate notice for plaintiffs who are sued along with their employer and who are not notified that they are sued in anything other than their official capacities.  Regardless, we already held in our opinion that the suit must be dismissed under the workmen's compensation scheme.  (Docket No. 59.)  Therefore, the issue is moot.

Fourth, Plaintiff alleges, without further explanation, that "the facts contained in Plaintiff's SUF – **which are uncontested**, support a conclusion that the exception to the employer immunity as construed by the PR Supreme Court is applicable to the present case."  (Docket No. 60 at 2) (emphasis in original).  We clearly explained in our original opinion why this is not the case.  (*See* Docket No. 59.)

## III.

## Conclusion

For the foregoing reasons, Defendants' motion for reconsideration (Docket No. 60) is **DENIED**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 29th day of September, 2014.

                                                          S/José Antonio Fusté
                                                          JOSE ANTONIO FUSTE
                                                          U. S. DISTRICT JUDGE